IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES WILLIAM SARGENT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-10-1231-R |
| ) | |
| JAMES RUDEK, Warden, ) | |
| ) | |
| Respondent. ) | |

# ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered March 9, 2011. Doc. No. 11. The Magistrate Judge has recommended that Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus be denied. Petitioner has filed an Objection to the Report and Recommendation in which he takes issue with the findings and conclusions of the Magistrate Judge concerning the alleged sufficiency of the evidence to support his conviction for shooting with intent to kill, ineffective assistance of trial counsel, including because Petitioner was allegedly denied his confrontation rights, and the use of misleading or false testimony. Petitioner asserts that "the State Court's decision(s) was based on an unreasonable determination of the facts in light of the evidence." Objection at p. 6. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the findings and conclusions of the Magistrate Judge *de novo* in light of Petitioner's Objections.

The Court has reviewed the trial transcript. Viewing all of the evidence presented at trial in the light most favorable to the prosecution, allowing the trier of fact to weigh the evidence, resolve conflicts in the testimony and draw reasonable inferences from the basic facts to the ultimate ones, a rational trier of fact could have found the essential elements of the crime of

shooting with intent to kill, under Oklahoma law, beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1969). Evidence to which Petitioner points that was not before the trier of fact is not relevant to this claim. Inconsistencies in the evidence to which Petitioner points were properly subject to resolution by the fact finder and, in any event, do not persuade the Court that no rational trier of fact could have found Petitioner guilty of the elements of the crime of shooting with intent to kill under Oklahoma law, when all of the evidence presented at trial is viewed in a light most favorable to the prosecution. The Court therefore agrees with the Magistrate Judge that the decision of the Oklahoma Court of Criminal Appeals affirming the denial of Petitioner's application for post-conviction relief is neither contrary to nor involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

In his Objection to the Report and Recommendation, Petitioner seems to contend that his trial counsel (and perhaps appellate counsel) was (were) ineffective because they did not raise the fact that the victim, Ms. Yarbrough, had changed her testimony three times, did not request a competency test on Ms. Yarbrough and/or did not request an impeachment instruction. Petitioner also contends that as a result of his trial counsel's ineffective assistance he was denied his confrontation rights because Mark Brown's testimony that Petitioner told him "[s]omething bad is going to happen" was hearsay and Mr. Brown did not remember Petitioner had said that until Brown's wife reminded him of it.

Petitioner's trial was a non-jury trial so Petitioner's trial counsel cannot be faulted for not requesting an impeachment instruction. Jury instructions are only given in jury trials. The Court

2

presumes that the trial judge knew the law concerning impeachment and could properly determine whether witnesses' testimony had been impeached, *see e.g., United States v. Benally*, 541 F.3d 990, 997 (10th Cir. 2008)(referring to the ordinary presumption that the judge knew and applied the law), and give witnesses' testimony such weight as he felt it deserved. Petitioner's trial counsel's failure to request a mental competency examination of the victim, Pam Yarbrough, was not objectively unreasonable. The trial transcript reveals that Ms. Yarbrough had previously been diagnosed with bipolar disorder in 1987 and had been briefly hospitalized three times for that disorder and/or depression but that she had not been taking any medication since May of 2003 and was feeling fine. Ms. Yarbrough's testimony provided no basis for a bona fide doubt as to her competency. Moreover, Petitioner's counsel did move for an order declaring Ms. Yarbrough incompetent based upon her history of mental illness or prohibiting her from testifying on this basis, which order was denied. *See* O.R. at 29 & 32.

Ms. Yarbrough's testimony at trial did not differ in any material respect from her testimony at the preliminary hearing on February 5, 2008. Moreover, counsel for Petitioner cross-examined Ms. Yarbrough extensively at trial as to the details of what she did and saw before she was shot on March 19, 2007. With regard to Mark Brown's testimony concerning what Petitioner told him, *i.e.,* that something bad was going to happen, the statement was not hearsay. A statement which is offered against a party (in this case, against Petitioner) which is the party's own statement (here, Petitioner's own statement) is not hearsay under Oklahoma law. Okla. Stat. tit. 12, § 2801(B)(2)(a). On cross-examination by Petitioner's counsel, Mark Brown testified that after his telephone conversation with Petitioner, he made some handwritten notes

3

of the conversation which were typed up by Cheryl Hilyard at Central Tech, Tr. at 143-44, and he freely admitted in cross-examination what also appears in the typed statement, that he didn't initially remember Petitioner stating that something bad was going to happen at Tech Central, or something like that, and that Brown's wife had to remind him of that part of the conversation. Tr. at 143 & Defendant's Exhibit "4." Since it is obvious from Mr. Brown's testimony (and Petitioner does not contend otherwise) that it was Mark Brown, not Brown's wife, who had the telephone conversation with Petitioner, the only way that Mr. Brown's wife could have known of Petitioner's alleged statements was by Mr. Brown telling her about the statement Petitioner allegedly made. That Brown's wife reminded Brown of the statement Brown attributed to Petitioner does not make Petitioner's alleged statement hearsay. Nor does that fact show that Petitioner was denied his right to confront the person testifying against him, Mark Brown.

Petitioner attempts to show inconsistencies between trial testimony and statements in *two* preliminary hearings, statements contained in police or OSBI reports and statements in the affidavit of probable cause (O.R. at 8). However, only one transcript of a preliminary hearing is contained in the state court records filed with this court and none of the police or OSBI reports to which Petitioner refers are in the state court records. Petitioner has wholly failed to show that any witness for the prosecution testified falsely, much less that the State knowingly offered false or misleading testimony. *See Johnson v. Mullin*, 505 F.3d 1128, 1153-54 (10th Cir. 2007). Accordingly, Petitioner has failed to show that his appellate counsel's failure to raise on appeal the issue of prosecutorial misconduct, by knowingly adducing false or misleading testimony, was unreasonable professional assistance or that Petitioner was prejudiced by his appellate counsel's

4

failure to raise the issue, i.e., that there is a reasonable probability that the omitted claim would have resulted in reversal. *Neill v. Gibson*, 278 F.3d 1044, 1057 n. 5 (10th Cir. 2001).

Having reviewed the entire trial transcript, the Court finds that the state court adjudication was not based upon an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2).

In accordance with the foregoing, the Report and Recommendation of United States Magistrate Judge Doyle W. Argo [Doc. No. 11] is ADOPTED in its entirety and the petition of James William Sargent for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

IT IS SO ORDERED this 27th day of April, 2011.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE